1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                  FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11   SIVA D. BLACK,                          No. 2:24-cv-3709 DJC CKD P
12          Plaintiff,
13      v.                                   ORDER
14   SISKIYOU COUNTY,
15          Defendant.
16

17        Plaintiff, confined at Napa State Hospital, is proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

     Plaintiff requests leave to proceed in forma pauperis.  As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

1

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

The court has reviewed plaintiff's complaint and finds that it fails to state a claim upon which relief can be granted under federal law. Plaintiff's complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

Plaintiff challenges the fact that he has been found unfit to stand trial in Siskiyou County and remanded to the custody of the Department of State Hospitals. There are two primary problems with such a challenge. First, federal courts cannot interfere with pending state criminal proceedings, absent extraordinary circumstances which create a threat of irreparable injury. Younger v. Harris, 401 U.S. 37, 45-46 (1971). Plaintiff does not show extraordinary circumstances which create a threat of irreparable injury. Second, any federal court challenge to state custody cannot be asserted in a 42 U.S.C. § 1983 action for violation of civil rights. Rather, such a challenge must be brought in a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

Plaintiff also challenges the circumstances of his arrest. With respect to this aspect of plaintiff's claims and to the extent plaintiff seeks damages, plaintiff cannot bring claims which imply the invalidity of his confinement. Heck v. Humphrey, 512 U.S. 477, 487 (1994).

Plaintiff identifies Siskiyou County as a defendant. Municipalities cannot be held vicariously liable under § 1983 for the actions of their employees. Monell v. Dep't of Social Services, 436 U.S. 585 at 691, 694 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694.

Plaintiff is informed that if he chooses to amend his complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional

1 | rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, in his amended complaint,
2 | plaintiff must allege in specific terms how each named defendant is involved.  There can be no
3 | liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a
4 | defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).
5 | Furthermore, vague and conclusory allegations of official participation in civil rights violations
6 | are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  Also, plaintiff's amended complaint cannot exceed 20 pages.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees shall be collected and paid in accordance with this court's order to the Department of State Hospitals filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  February 3, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
blac3709.14