1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    SIVA D. BLACK,                              No.  2:24-cv-3709 DJC CKD P

12              Plaintiff,

13         v.                                     ORDER

14    SISKIYOU COUNTY,

15              Defendant.

16

17         Plaintiff has filed a motion that the undersigned recuse.

18    I.  Legal Standard:

19         Federal law allows a judge to recuse from a matter based on a question of partiality:

20              Any justice, judge, or magistrate judge of the United States shall
                disqualify himself in any proceeding in which his impartiality might
21              reasonably be questioned. [ ¶]  He shall also disqualify himself . . .
                [¶] [w]here he has a personal bias or prejudice concerning a party, or
22              personal knowledge of disputed evidentiary facts concerning the
                proceeding . . . .
23

24    28 U.S.C. § 455(a), (b)(1).

25         A party may seek recusal of a judge based on bias or prejudice:

26              Whenever a party to any proceeding in a district court makes and
                files a timely and sufficient affidavit that the judge before whom the
27              matter is pending has a personal bias or prejudice either against him
                or in favor of any adverse party, such judge shall proceed no further
28              therein, but another judge shall be assigned to hear such proceeding.

                                                 1

1   [¶] The affidavit shall state the facts and the reasons for the belief
2   that bias or prejudice exists . . . .

3   28 U.S.C. § 144.

4        Relief under Section 144 is conditioned upon the filing of a timely and legally sufficient

5   affidavit.  A judge who finds the affidavit legally sufficient must proceed no further under Section

6   144 and must assign a different judge to hear the matter.  See 28 U.S.C. § 144; United States v.

7   Sibla, 624 F.2d 864, 867 (9th Cir. 1980).  Nevertheless, where the affidavit lacks sufficiency, the

8   judge at whom the motion is directed can determine the matter and deny recusal.  See United

9   States v. Scholl, 166 F.3d 964, 977 (9th Cir. 1999) (citing Toth v. Trans World Airlines, Inc., 862

10  F.2d 1381, 1388 (9th Cir. 1988) (holding that only after determining the legal sufficiency of a

11  Section 144 affidavit is a judge obligated to reassign decision on merits to another judge)); United

12  States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 566 (9th Cir. 1995) (if the affidavit is

13  legally insufficient, then recusal can be denied).

14       The standard for legal sufficiency under Sections 144 and 455 is "'whether a reasonable

15  person with knowledge of all the facts would conclude that the judge's impartiality might

16  reasonably be questioned.'"  Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir. 1984) (quoting

17  United States v. Nelson, 718 F.2d 315, 321 (9th Cir. 1983)); United States v. Studley, 783 F.2d

18  934, 939 (9th Cir. 1986).  To provide adequate grounds for recusal, the prejudice must result from

19  an extrajudicial source.  Sibla, 624 F.2d at 868-89.  A judge's previous adverse ruling alone is not

20  sufficient for recusal.  Nelson, 718 F.2d at 321.

21  II.  Analysis

22       To the extent plaintiff alleges bias, prejudice, and impartiality based on previous rulings

23  against plaintiff, the motion for recusal is substantially insufficient.  The motion fails to allege

24  facts to support a contention that the undersigned has exhibited bias or prejudice directed towards

25  plaintiff from an extrajudicial source.  Sibla, 624 F.2d at 868; see Liteky v. United States, 510

26  U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or

27  partiality motion."); id. ("In and of themselves . . . [judicial rulings] cannot possibly show

28  reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the

2

1  degree of favoritism or antagonism required . . . when no extrajudicial source is involved.  Almost

2  invariably, they are proper grounds for appeal, not for recusal."); Leslie v. Grupo ICA, 198 F.3d

3  1152, 1160 (9th Cir. 1999) ("[Plaintiff's] allegations stem entirely from the district judge's

4  adverse rulings. That is not an adequate basis for recusal.").

5  III.  Conclusion

6      Because plaintiff fails to identify any adequate basis for recusal, and because there is no

7  basis to reasonably question the undersigned's impartiality, IT IS HEREBY ORDERED that

8  plaintiff's request for recusal (ECF No. 12) is DENIED.

9  Dated:  March 14, 2025

10                                                CAROLYN K. DELANEY
                                                   UNITED STATES MAGISTRATE JUDGE
11

12

13

14  1
    blac3709.rec
15

16

17

18

19

20

21

22

23

24

25

26

27

28

3